Gerald CONNELL and Kathleen S. Connell

v.

J. MACIOCI, alias, Richard M. Fisher, and Thomas B. Orr, formerly d/b/a Macioci, Sheehan, Fisher, and Orr

v.

John T. Sheehan, Jr.

No. 97–295–A.

Supreme Court of Rhode Island.

Nov. 4, 1998.

J. Ronald Fishbien, Providence.

Francis X. Flaherty, Warwick, John T. Sheehan, Jr., Newport, Arnold L. Blasbalg, Providence, Joseph J. Macioci, Richard Fisher, Newport, Christopher M. Orton, Warwick.

### ORDER

This case came before the Supreme Court on October 13, 1998, pursuant to an order directing the plaintiffs to appear and to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the parties' memoranda and hearing their arguments, we conclude that cause has not been demonstrated. Consequently, the merits of this appeal shall be decided at this time. The relevant facts are set forth below.

The plaintiffs, Gerald Connell and Kathleen S. Connell (collectively Connells), filed a four count complaint against defendants, Thomas B. Orr, Richard M. Fisher, and Joseph Macioci (collectively defendants), alleg-

ing that as partners in the law firm of Macioci, Sheehan, Fisher, and Orr, defendants were vicariously liable for the actions of third party defendant and fellow partner John T. Sheehan, Jr. (Sheehan).[1] The Connells claimed that prior to October 1990 they informed their attorney, Sheehan, of their desire to raise $75,000 in order to pay certain debts they owed. Sheehan represented to the Connells that he was also seeking to raise money since he had misappropriated $50,000 from a trust or an escrow account and had to replace the funds before his pilfering was discovered.

In early October 1990, Sheehan advised the Connells that he could arrange a three-way loan involving himself, the Connells, and a third party. The arrangement provided that the third party would loan the Connells $150,000. In exchange for this loan, the Connells would execute a promissory note in favor of the third party secured by a mortgage encumbering certain parcels of their real estate. As part of this transaction the Connells would subsequently loan Sheehan $72,000. The Connells agreed to this arrangement and Sheehan executed a promissory note to the Connells secured by a mortgage on Sheehan's personal residence. It is important to note that the Connells allege that the mortgage on the personal residence was unenforceable because the mortgage did not contain the signature of Sheehan's wife, a point they claim was well known to Sheehan. Nevertheless, after tendering five payments on the interest of the loan, Sheehan filed a petition for bankruptcy. Among the debts that Sheehan sought to discharge was the loan from the Connells.

On August 30, 1994, the Connells filed a four count complaint alleging that Sheehan's law partners were vicariously liable for Sheehan's actions in arranging the loans. Defendant Orr filed a memorandum in support of a motion for summary judgment wherein he asserted that even if defendants did comprise a law partnership they could not be held vicariously liable for Sheehan's actions since they arose in his personal capacity. The

Connells challenged this assertion and pointed to title insurance documents that were applied for using the law firm's name and faxed from the law firm, as well as their allegation that Sheehan failed to structure the loan so that both parties would be equally liable. The Connells alleged that the presence of these documents, and Sheehan's actions, demonstrated a material question of fact concerning whether Sheehan was acting as an attorney when he arranged the loan transaction, and whether defendants' law firm profited from these services.

Defendant Orr's motion was heard on April 7, 1997. Following arguments the trial justice found that a genuine issue of material fact did not exist concerning whether Sheehan performed any legal services in a negligent or wrongful manner, and in fact stated that any damages that the Connells may have suffered were as a result of Sheehan's personal actions and not his services as an attorney. Consequently, the trial justice granted defendant Orr's motion for summary judgment and thereafter entered a final order of dismissal pursuant to Superior Court Rule of Civil Procedure 54(b).

Having perceived that their case against defendant Orr was dismissed due to certain deficiencies in their complaint, the Connells sought to amend the complaint with respect to defendants Macioci and Fisher to add claims that the law firm profited from Sheehan's services and that the Connells suffered damages. On May 5, 1997, however, the trial justice denied the Connells' motion to amend the complaint noting that since Sheehan's actions were on behalf of himself, and not his law firm, any "amendment would be * * * futile." Shortly thereafter, the trial justice incorporated her previous findings and granted summary judgment in favor of defendants Macioci and Fisher. Although the Connells appeal both grants of summary judgment, as well as the denial of their motion to amend, we note that only the grant of summary judgment in favor of defendant Orr

---

1. For purposes of the summary judgment motion defendant Orr conceded that defendants were engaged as partners in the law firm.

is presently before the Court.[2] The main thrust of the Connells' appeal is that the trial justice improperly determined the factual issue of whether Sheehan wore the hat of an attorney who was affiliated with defendants' law firm while arranging the loans with the Connells and the third party, and relied on this determination in granting summary judgment in favor of defendant Orr.

"Summary judgment is an extreme remedy that should be applied cautiously." *Sjogren v. Metropolitan Property and Casualty Insurance Company*, 703 A.2d 608, 610 (R.I. 1997). In Reviewing a grant of summary judgment this Court applies the same rules and analysis as the trial justice. *Id.* "We shall sustain the summary judgment only if our review, made in the light most favorable to the nonmoving party, reveals no genuine issues of material fact and if we conclude that the moving party was entitled to judgment as a matter of law." *Id.* Applying this standard to the instant case we conclude that factual issues do exist concerning whether Sheehan acted as an attorney when he arranged the loans in this case.

Among the Connell's allegations that present a factual question are that (1) they engaged Sheehan as their "legal representative," (2) Sheehan failed to structure the $150,000 loan so that both the Connells and Sheehan would be equally liable, (3) title insurance documents demonstrate the law firm's participation, and (4) Sheehan failed to execute a valid mortgage to his personal residence.

For the foregoing reasons the plaintiffs' appeal is sustained. The judgment appealed from is vacated, and the papers in this case are remanded to the Superior Court for further proceedings that are consistent with this order.

**2.** We note that the Connells do not appeal the grant of summary judgment with respect to count one (fraud) and count three (breach of contract). Accordingly, the Connells limit the appeal to their claims for breach of a fiduciary duty and legal malpractice.